Quince Ladayne THOMAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–02–00001–CR.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 15, 2003.

Decided Feb. 27, 2003.

R.J. Hagood, Denison, for appellant.

Michael Skotnik, Asst. Dist. Atty., Myles Porter, Fannin County Atty., Bonham, Austin, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Quince Ladayne Thomas was convicted of aggravated sexual assault and sentenced to eighteen years' confinement in the Texas Department of Criminal Justice–Institutional Division. On appeal, Thomas contends the evidence was insufficient to corroborate the accomplice witness' testimony, and without the accomplice testimony, Thomas asserts the remaining evidence was insufficient to support the verdict.

On September 4, 1997, the victim, S.H., attended a junior varsity football game at Leonard High School. After arriving at the game, S.H. accepted an invitation to take a ride with Heath Baxter in his car. During the course of their ride, S.H. consumed large quantities of tequila. As a result, S.H. became extremely inebriated. When the game concluded, Wesley Stevenson convinced S.H. to ride home with him. Then Stevenson and S.H. accepted a ride from Tony Hailey. At the time they accepted the ride, Thomas was riding in the passenger seat of Hailey's vehicle. Stevenson testified that after leaving the stadium Hailey drove to what was commonly known as the "rock pits" or "Hangman's tree," which requires driving on a gravel road. S.H. testified that, because of her drunken state, she did not remember specific details about the ride or the assault. However, S.H. testified she remembered hearing the sound of rocks hitting the car as they drove. After arriving at the "rock pits," it was Stevenson's testimony that Hailey picked up S.H., placed her on the hood of the car, and raped her. DNA evidence taken from S.H. during her rape kit examination conclusively established the presence of Hailey's semen. Stevenson testified that Thomas also had intercourse with S.H., but did not ejaculate. Further, Stevenson testified that throughout the assault S.H. was unable to stand up and seemed unaware of what was happening. Stevenson also testified that during the assault Thomas said, "man this bitch is liable to file a rape charge on us,

but she probably wouldn't remember anyway."

After the assault, Stevenson testified Thomas and Hailey picked up S.H. by the arms, put her clothes back on her, and placed her in the car. Hailey drove back to Leonard, and Thomas, Stevenson, and Hailey left S.H. in the street approximately one block from her house. Approximately five days after the assault, Officer Rex Clark found at the crime scene a pair of underwear which matched the description given by S.H. and her mother. S.H.'s mother testified that, in the months following the assault, Thomas made intimidating gestures toward her on numerous occasions and repeatedly directed disparaging comments toward her daughter, including calling her a "bitch" and a "whore." Based on the above evidence, the trial court convicted Thomas of aggravated sexual assault.

■ On appeal, Thomas complains the accomplice witness testimony was not properly corroborated, and absent Stevenson's testimony, the remaining evidence was insufficient to connect him with the offense. Article 38.14 of the Texas Code of Criminal Procedure provides, "A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." TEX.CODE CRIM. PROC. ANN. art. 38.14 (Vernon 1979). The test for sufficient corroboration is to eliminate from consideration the accomplice testimony and then examine the other inculpatory evidence to ascertain whether the remaining evidence tends to connect the defendant with the offense. *Burks v. State*, 876 S.W.2d 877, 887 (Tex.Crim.App.1994). Accordingly, we must eliminate Stevenson's testimony and consider only the remaining evidence.

■ The State elicited nonaccomplice testimony that Thomas was in Hailey's car when Stevenson and S.H. accepted a ride from Hailey. Further, in Thomas' own statement to the police, he admitted he was with Hailey, Stevenson, and S.H. from the time they left the game until they left S.H. on the side of the road.[1] The State produced ample evidence that the crime was committed during the time period Thomas admitted being with S.H.[2]

The State also introduced corroboration testimony from S.H. During direct examination, the State elicited the following:

[State]: Do you know who Quince Thomas is?

[S.H.]: Yes.

[State]: Would you point him out?

[S.H.]: Right there.

[State]: Is he the man sitting at the end of counsel table?

[S.H.]: Yes.

[State]: Can you tell this jury that he raped you?

[S.H.]: He raped me.

S.H. also testified that she remembered feeling someone having sex with her and that she remembered falling off of the car

---

1. "Proof that the accused was at or near the scene of the crime at or about the time of its commission, when coupled with other suspicious circumstances, may tend to connect the accused to the crime so as to furnish sufficient corroboration to support a conviction." *Brown v. State*, 672 S.W.2d 487, 489 (Tex. Crim.App.1984).

2. While merely showing the commission of an offense is not alone sufficient to corroborate an accomplice witness, the court may consider it as a factor along with other possible factors to determine whether there was sufficient nonaccomplice corroboration. *Reed v. State*, 744 S.W.2d 112, 126 (Tex.Crim.App. 1988).

and two different people picking her up by her arms and squeezing very hard.[3]

In addition to the foregoing, the State produced testimony Thomas repeatedly harassed S.H. and her mother after the assault. For example, S.H.'s mother testified Thomas repeatedly directed names such as "bitch" and "whore" toward her daughter after the assault. *See Burks,* 876 S.W.2d at 888 (incriminating statements made after offense could be taken into consideration when determining corroboration).

All the facts and circumstances in the case, both factual and circumstantial, may be considered when determining whether the accomplice testimony was properly corroborated. *See Reed v. State,* 744 S.W.2d 112, 126 (Tex.Crim.App.1988). In the present case, the State produced nonaccomplice testimony that an offense was committed, that Thomas was present during its commission, and that he made derogatory comments of a sexual nature to S.H. after the assault. Additionally, S.H. identified Thomas as one of the men who raped her. Based on the foregoing, there was sufficient evidence tending to connect Thomas with the crime, and the trial court did not err by admitting the accomplice testimony. Furthermore, because the accomplice testimony was properly before the jury, the evidence was sufficient to support the conviction.

For the reasons stated, we affirm the trial court's judgment.

3. S.H.'s mother testified S.H. showed significant bruising on her arms after the assault. The mother's testimony logically tends to connect Thomas with the offense, albeit slightly.